**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Jose Arturo VARELA, Defendant–
Appellant.**

No. 09–51123
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM: *

Jose Arturo Varela appeals his 97–month sentence following his guilty plea

---

conviction for one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Varela contends that his within-guidelines sentence is unreasonable. Specifically, Varela argues that the district court should have given minimal weight to the Sentencing Guidelines because the Guideline for·possession of child pornography[1] is not based on empirical evidence and produces sentences that exceed what are necessary to meet the sentencing goals set forth in 18 U.S.C. § 3553(a)(2). He further argues that the district court erroneously concluded that he lacked remorse and failed to consider factors that supported a below-guidelines sentence.

In reviewing a sentence, we consider the substantive reasonableness of the sentence using an abuse-of-discretion standard.[2] A district court "abuses its discretion if it bases its [sentencing] decision on an error of law or a clearly erroneous assessment of the evidence."[3] Moreover, we may presume a within-Guidelines sentence is reasonable.[4] When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and § 3553(a) factors, this court gives "great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence."[5]

In this case, the district court considered Varela's argument that the Guidelines for child pornography were arbitrary and not based on empirical data. The court concluded that based on the deliberation of Congress and the Supreme Court's approval, the Guidelines were satisfactory. However, the court also noted it could take the nature of the Guidelines into account under § 3553(a) should such consideration be appropriate.

The district court heard arguments from both sides regarding Varela's personal characteristics, criminal offense, and the § 3553(a) sentencing factors. The court concluded that Varela's circumstances were insufficient to warrant a downward departure, especially given his limited allocution. Varela offered no reason for why he committed the crime, and the court found he was not remorseful. While he acknowledged "the hurt ... about the girl [victim]," in the same sentence he said, "if I can just say, I mean, you have no idea how much hurt I'm also in." We recognize that Varela was not a native English speaker and addressed the court in English, which could have resulted in some stilted phrasing. Nevertheless, we believe the district court was in the best position to assess Varela's sincerity in his allocution and also to consider how his impending deportation should factor into the sentence. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."[6] We also note other evidence that may have led the district court to question Varela's sincerity. Defense counsel informed the court that Varela wished to seek therapy, but Varela had made no efforts at the time of sentencing to obtain

1. U.S.S.G. § 2G2.2.

2. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.2008).

3. *United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir.2005) (internal quotation marks omitted).

4. *Rita v. United States*, 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

5. *United States v. Campos–Maldonado*, 531 F.3d 337, 338 (5th Cir.2008) (internal quotation marks and citation omitted).

6. *Gall*, 552 U.S. at 51, 128 S.Ct. 586.

such help. After examining the record, we find nothing to support the contention that the district court clearly erred in its assessment of the evidence.

Applying the deferential abuse-of-discretion standard, we AFFIRM the sentence given below.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.